UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE BEAUREGARD, SUSAN BEAUREGARD (husband and wife),<br><br>Plaintiffs,<br><br>v.<br><br>LEWIS COUNTY WASHINGTON, and LEWIS COUNTY SHERIFF'S OFFICE, and LEWIS COUNTY BOARD OF COUNTY COMMISSIONERS,<br><br>Defendants. | Case No. C05-5738RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ESTABLISH A SINGLE SYSTEM FOR IDENTIFYING DOCUMENTS |

This matter comes before this Court on Plaintiffs' Motion to Establish a Single System for Identifying Documents. Dkt. 21-1. Plaintiffs have moved to adopt a uniform document identification system in order to facilitate discovery for an allegedly complex case. Defendants have responded, denying that such an order is necessary and refuting Plaintiffs' allegations of document mishandling. Dkt. 25. Plaintiffs have replied to this with a "Rule 16 Motion" renewing their original motion. Dkt. 27-1.

While Plaintiffs' claims are fairly unclear, they do not appear to present the type of complex litigation contemplated in the Manual of Complex Litigation. The Federal Judicial Center intends this manual to apply to technically or procedurally complex litigation such as antitrust, CERCLA (superfund), civil RICO, and mass-tort class action lawsuits. *See* Manual of Complex Litigation at 1-3, 517. This case, while admittedly involving tedious and detailed discovery and factual background, does not involve the complex and highly technical questions of law and fact that the Manual contemplates. Additionally, the Manual's guidelines are not binding procedural rules, *Id.* at 1, and this Court does not elect to adopt its document indexing suggestions.

Plaintiffs' have acquired much of their documentation through public disclosure requests. While some of these documents may be relevant to this litigation, the Court does not expect Defendants to index a public records response. Plaintiffs may communicate specific questions for clarification to Defendants' counsel.

The Court expects the parties to cooperate. A "Vaughn Index" method of indexing and cross-referencing documents is not appropriate for this case. *See* Dkt. 21-1 at 4. In *Vaughn*, the Court ordered the use of an indexing and cross-referencing system in response to the Government's refusal to disclose massive documents in their entirety. *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). Unlike *Vaughn*, Plaintiffs have not shown that this case involves either Defendants' refusal to disclose documents or a need to cross-reference documents to arguments against disclosure.

Plaintiffs allege that Defendants produced unsigned documents. Defendants' counsel adopted and ratified an electronic signature. Dkt. 25 at 3. The electronic signature of documents is sufficient for this case. Similarly, the Court reminds Plaintiffs that both Plaintiffs appearing *pro se* must sign all court documents. Although a non-attorney may appear *pro se* on behalf of him or herself, he or she has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). In the future, the Court may not consider any documents not signed by both Plaintiffs. *See* Dkt. 21-3 at 3; Dkt. 21-5 at 2; Dkt. 29.

Accordingly, Plaintiffs' motion to have this Court establish a single system for identifying documents is DENIED. The Clerk is directed to send copies of this Order to Plaintiffs and Defendants' counsel.

DATED this 10th day of April, 2006.

*[signature: Robert J. Bryan]*

Robert J. Bryan
United States District Judge