UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE BEAUREGARD, SUSAN BEAUREGARD, (husband and wife),

Plaintiffs,

v.

LEWIS COUNTY WASHINGTON et al.,

Defendants.

Case No. C05-5738RJB

ORDER DENYING PLAINTIFFS' MOTION

This matter comes before the court on Plaintiffs' Motion for Order Re: Matters Deemed Atmitted [sic]–Failure to Admit or Deny. Dkt. 38. The court has considered the motion and the remainder of the file herein.

PROCEDURAL HISTORY

Plaintiffs contend that, on May 12, 2006, they served on defendants' counsel Plaintiffs' First Request for Admissions to Defendant Lewis County (hereafter request for admissions). In the request for admissions, plaintiffs identified voluminous documents and requested that defendants admit that these documents are genuine. *See* Dkt. 38, Plaintiffs' First Request for Admissions to Defendant Lewis County. The request for admissions provided as follows:

> Pursuant to FRCP Rule 36, Plaintiffs request that within 30 days after service of this request, Defendant make the following admissions for the purpose of this action only, and subject to all pertinent objections to the admissibility of the matter admitted which may be made at pretrial hearing or conference or at trial of this action.

Dkt. 38, Plaintiffs' First Request for Admissions to Defendant Lewis County, at 1.

ORDER
Page - 1

The request for admissions also contained the following statement:

> You are notified that if you fail to admit or deny the facts and genuineness of documents set out above within 30 days after service of this request on you, or within any further time that the court may allow, any objection to these request [sic], including one based on privilege or on the protection of work product, is waived pursuant to FRCP Rule 36.

Dkt. 38, Plaintiffs' First Request for Admissions to Defendant Lewis County, at 28.

On June 9, 2006, defendants' counsel responded by letter to plaintiffs' request for admissions, stating that "I am not familiar with the use of that term [genuine] in connection with requests for admission, so I must deny your requests." Dkt. 48, June 9, 2006, letter from L. Michael Golden to Eugene and Susan Beauregard. In that letter, defendants' counsel further stated as follows:

> With reference to the request that my client admit facts contained or stated within the documents, it is not practicable to state that a particular document is entirely true or not true, as some parts of the document may contain accurate information and other information is opinion or inaccurately states facts. For this reason also, I cannot admit that the documents are "genuine " as you request.

*Id.*

### MOTION

On June 13, 2006, plaintiffs filed a motion, requesting that the court "order that the genuineness of the documents specified in 'PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT LEWIS COUNTY' which was served on Defendant Lewis County Washington on May 12, 2006..., be deemed admitted." Dkt. 38, Plaintiffs' Motion for Order Re: Matters Deemed Atmitted [sic]–Failure to Admit or Deny, at 1. Plaintiffs claim that defendants did not timely respond to the request for admissions.

In response, defendants contend that they timely denied plaintiffs' request for admissions, that plaintiffs did not respond to defendants' timely response and request for clarification, that plaintiffs did not respond to defendants' reminder of the timely response, and that plaintiffs have continued to press this motion when there is no factual or legal basis for it. Dkt. 47.

In their reply, plaintiffs state that the request for admissions was "boilerplate" language found in numerous authorities and public records, and that defendants' counsel offers no legal authority which allows an objection or a delay in responding to the request for admissions when the basis for the response is the lawyer's lack of knowledge regarding Fed.R.Civ.P. 36(a), which uses the word "genuine."

DISCUSSION

Fed.R.Civ.P. 36(a) provides in relevant part as follows:

**Request for Admission**. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

Authentication is a special aspect of relevancy concerned with establishing the genuineness of evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773, note 7 (9th Cir. 2002).

Fed.R.Civ.P. 901(a) provides as follows:

**(a) General provision.** The requirement for authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

An inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility. Id. at 76.

In their request for admissions, plaintiffs requested that defendants admit that certain documents are "genuine." However, plaintiffs also stated in the request for admissions that if defendants failed "to admit or deny *the facts* and genuineness of documents set out above within 30 days after service of this request on you, or within any further time that the court may allow, any objection to these request [sic], including one based on privilege or on the protection of work product, is waived pursuant to FRCP Rule 36." *Emphasis added*. It is unclear from plaintiffs' request for admissions whether they were requesting defendants to admit to the authenticity of documents or to the facts contained in the documents. Defendants' counsel's response was an attempt to clarify the basis and nature of the request for admissions. Defendants' response was timely and appropriate. Plaintiffs' are not entitled to an order deeming documents admitted.

Defendants state in their response to this motion that they are not unwilling to work with plaintiffs to streamline exhibit and trial preparation in this matter. The court expects that the parties will cooperate during discovery. The federal civil rules of procedure are to be construed and administered to secure the just, speedy, and inexpensive determination of every action. Fed.R.Civ.P. 1. Here, not only was plaintiffs' first request for admissions ambiguous, the request included so many documents that it would have been very difficult for defendants to respond completely and in a timely manner. Rather than attempt to work

1 with defendants or respond to defendants' counsel's questions, it appears that plaintiffs attempted to gain
2 an advantage by filing a motion for an order deeming "matters" admitted, within one or two days after they
3 would have received defendants' counsel's June 9, 2006 letter.  This type of litigation strategy is not
4 consistent with the intent of the federal rules of civil procedure, and plaintiffs are advised that this type of
5 practice will not be condoned by the court.
6     Therefore, it is hereby
7     **ORDERED** that Plaintiffs' Motion for Order Re: Matters Deemed Atmitted [sic]–Failure to Admit
8 or Deny (Dkt. 38) is **DENIED**.
9     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
10 party appearing *pro se* at said party's last known address.
11     DATED this 6th day of July, 2006.

                                    _____
                                    Robert J. Bryan
                                    United States District Judge